UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JAMES PATRICK SHEEHY,** § | | |
| **TDCJ # 1100539,** § | | |
| § | | |
| **Petitioner** § | | |
| § | | |
| v. § | | **Civil Action** |
| § | | **No. SA-6-CA-510-NSN** |
| **NATHANIEL A. QUARTERMAN,** § | | |
| **Texas Department of Criminal Justice** § | | |
| **Correctional Institutions Division Director,** § | | |
| § | | |
| **Respondent** § | | |

# M E M O R A N D U M   D E C I S I O N

Before the Court is Petitioner James Patrick Sheehy's 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 4) and Respondent's Answer (Docket Entry # 15) seeking dismissal of the Petition which this Court construes as a motion to dismiss. This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Docket Entries ## 8-10.)

## I.

Petitioner Sheehy was convicted by a Gonzales County jury of two counts of aggravated assault of a peace officer with a deadly weapon and sentenced to thirty years in *State v. Sheehy*, No. 188-01 (Tex. 25th Jud. Dist. Ct., *jmt. entered* May 16, 2002). The evidence at trial showed that on August 23, 2001, Sheehy struck the vehicle of Gonzales Police Officer Brian Onofre and then struck Officer Onofre with a 1997 Oldsmobile following a police chase after Sheehy fled a traffic stop. Sheehy's conviction was affirmed. *Sheehy v. State*, No. 13-2-310-CR (Tex. App.–Corpus Christi, *p.d.r. ref'd*). His State habeas corpus application was denied. *Ex Parte Sheehy*, No. 64,161-1 (*denied* May 24, 2006).

**II.**

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available State court remedies before seeking federal habeas corpus relief. Section 2254(d) requires this Court to defer to the State court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the State proceedings. Factual determinations of a state court are "presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**- A -**

Prior to trial the alleged deadly weapon, the 1997 Oldsmobile driven by Sheehy, was sold to a junk dealer and partially dismantled. Petitioner Sheehy claims the partial dismantling of the vehicle violates *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and *California v. Trombetta*, 467 U.S. 479, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984).

In *Brady v. Maryland*, 373 U.S. at 87, the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence

is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." A defendant must show the suppressed evidence was favorable to the defendant and material. *Id.* The suppressed evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *U.S. v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985).

In *California v. Trombetta*, 467 U.S. at 489, the Supreme Court held that due process requires the prosecution to preserve evidence that is "constitutional[ly] material[]," i.e. where the evidence possesses "an exculpatory value that was apparent before the evidence was destroyed, and . . . the defendant would be unable to obtain comparable evidence by other reasonably available means." Failure to preserve potentially useful evidence does not constitute a denial of due process unless the defendant can show the police acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 57-58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988).

The State Court of Appeals held Sheehy failed to present a basis for a *Brady* claim because he failed to demonstrate the evidence was favorable or material. *Sheehy v. State*, supra, at 5. The State Court also held that though the State was negligent in releasing the vehicle to the junk dealer prior to trial, there was no showing the State acted in bad faith and no showing the evidence had apparent exculpatory value prior to its release and thus Sheehy had no basis for a *Trombetta* claim. *Id.* at 5-6. The State court's ruling is consistent with federal law and supported by the record. Sheehy failed to demonstrate the vehicle was exculpatory or had an apparently exculpatory value. Sheehy's expert at trial testified that an examination of the vehicle before its partial dismantling "could" produce exculpatory evidence, but also might not. Sheehy's claim that such an examination would produce

favorable evidence is speculative and conclusory.  Sheehy also fails to identify evidence sufficient to overcome the State court's determination the State did not act in bad faith.

## - B -

Sheehy next claims his counsel was ineffective.  To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, i.e. "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 689.  In order to demonstrate prejudice, a petitioner must show not only that had counsel acted in a different manner a new trial would have been granted, but also that, as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S. Ct. 838, 112 L. Ed. 2d 180 (1993).  Allegations that counsel failed to investigate and develop useful evidence are not sufficient to warrant a hearing or relief absent an "affirmative showing of what the missing evidence or testimony would have been" and an explanation "why it would have been likely to make any difference in his trial or sentencing." *Anderson v. Collins*, 18 F. 3d 1208, 1220 (5th Cir. 1994).

## - i -

The 1997 Oldsmobile driven by Sheehy on August 23, 2001 was registered to Brandon Moen, Sheehy's half-brother.  The police released the vehicle to Moen who sold the vehicle to the junk dealer that partially dismantled the vehicle prior to trial.  Petitioner contends his counsel was

ineffective for failing to conduct an independent investigation including failing to interview Petitioner's half-brother Brandon Moen prior to trial which would have allowed defense-counsel to secure and introduced the 1997 Oldsmobile at trial before the vehicle was partially dismantled.

This issue is without merit. As previously discussed, there is no showing the introduction of the 1997 Oldsmobile or an inspection of the vehicle prior to its partial dismantling would have been exculpatory or more favorable to Sheehy's case. Therefore, Sheehy fails to show he was prejudiced by his counsel's failure to locate the vehicle sooner.

- ii -

At trial the State introduced the testimony of Julie Zumwalt, the wife of Petitioner's half-brother Brandon Moen, who testified that Sheehy told her that he had no intention of ever going back to jail and he would run or do whatever it took not to go back to jail. On direct appeal, the Court of Appeals held that Sheehy's challenge to the introduction of this evidence at trial was procedurally barred for failure to make a contemporaneous objection at trial. *Sheehy v. Texas, supra*, at 3-4. Sheehy contends the jury should not have been presented with evidence that he previously went to jail and his counsel was ineffective for failing to preserve this issue with a proper objection.

Texas Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs or acts . . . may . . . be admissible . . . as proof of motive, . . . intent, . . . or absence of mistake or accident." As the trial court found, the evidence was admissible to show intent, as well as motive, or absence of mistake or accident. In a habeas corpus case this Court is compelled to defer to a state court's interpretation of its own rules of evidence. *See Panzavecchia v. Wainwright*, 658 F. 2d 227, 340 (5th Cir. 1980). The trial court properly instructed the jury that they could consider this evidence only on the issue of intent and not as evidence of guilt, and juries are presumed to follow such instructions.

*See U.S. v. Bullock*, 71 F. 3d 171, 175 (5th Cir. 1995). An objection to this evidence would have been futile and therefore Sheehy was not prejudiced by lack of such an objection. *See Koch v. Puckett*, 907 F. 2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections").

### - C -

At trial the defense proffered the testimony of expert David Lysek who testified outside the presence of the jury that the lack of smears on the body of the 1997 Oldsmobile and the lack of dust on the "contact points" on the body of the vehicle show the vehicle did not strike the officer and the vehicle was not moving when these contact points were made on the vehicle. The trial court held this testimony was not well-founded or admissible because it was not shown when the "contact points" on the vehicle were made.

In *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118 (1999), the Court explained as follows:

> In habeas actions, this court does not sit to review the mere admissibility of evidence under state law. . . . [A] state trial court's evidentiary rulings will mandate habeas relief when errors are so extreme that they constitute a denial of fundamental fairness. Thus, only when the wrongfully admitted evidence has played a crucial, critical, and highly significant role in the trial will habeas relief be warranted.

(prior citations omitted.)

This Court is required to defer to a state court's interpretation of its own rules of evidence. *See Panzavecchia v. Wainwright*, 658 F. 2d at 340. Because the State appeals court ruled the trial court did not abuse its discretion in excluding this evidence, there is no evidentiary error as a basis for a claim Sheehy was denied due process. Furthermore, Sheehy failed to show the evidence played a "crucial, critical, and highly important role" sufficient to deny Sheehy due process.

- D -

Sheehy also claims the trial court abused its discretion by allowing the State to introduce Julie Zumwalt's testimony mentioning that Sheehy previously served time in jail. As previously discussed, the State appeals court held this issue was not preserved for lack of a contemporaneous objection. *Sheehy v. State*, supra, at 3-4. Lack of a contemporaneous objection is an adequate and independent state grounds procedurally barring review in this Court. *See Weaver v. McKaskle*, 733 F. 2d 1103, 1104-06 (5th Cir. 1984). Furthermore, and as previously discussed, the evidence was properly admitted under Texas law. *See* Tex. R. Evid. 404(b).

- E -

In any event, any trial or counsel errors were rendered harmless by the overwhelming evidence against Sheehy. Officer Onofre identified Sheehy as the individual who fled a police stop, led a high speed chase, and then assaulted Onofre by ramming the 1997 Oldsmobile into Officer Onofre's police vehicle and then striking Officer Onofree with the same vehicle. Sheehy abandoned the 1997 Oldsmobile at the scene of the crime and fled on foot. Brandon Moen, Sheehy's half-brother, testified Sheehy was driving the 1997 Oldsmobile on the night of August 23, 2001, and Sheehy returned on foot to Moen's house where Sheehy told Moen of his encounter with the police. The evidence against Sheehy was sufficient to assure that any trial or counsel errors did not have a substantial or injurious effect on the jury's verdict and thus were harmless. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38,113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993) (a federal habeas court may not grant relief on trial errors unless petitioner demonstrates the error "had a substantial and injurious effect or influence in determining the jury's verdict").

Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact. Factual determinations of a state court are "presumed to be correct" and the Petitioner has the burden of rebutting this presumption by "clear and

convincing evidence." 28 U.S.C. § 2254(e)(1).  The State court's denial of Sheehy's claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *Ex Parte Sheehy*, *supra*, *Sheehy v. State, supra*, and therefore this Court is compelled to reach the same conclusion.  Sheehy's Petition is without legal or factual merit and must be denied.  Because Sheehy failed to present a factual basis for any of his claims in state court, he is not entitled to a federal habeas corpus hearing.  *See* 28 U.S.C. § 2254(e)(2).

Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson,* 79 F. 3d 441, 444 (5th Cir. 1996), or allegations that can be resolved on the record, *Lawrence v. Lensing,* 42 F. 3d 255, 258-59 (5th Cir. 1994).  Sheehy is not entitled to habeas relief or a hearing on his Petition because his claims are either conclusory or are refuted by the record.

### III.

Accordingly, Respondent's motion to dismiss (Docket Entry # 15) is **GRANTED**; Petitioner Sheehy's Habeas Corpus Petition (Docket Entry # 4) is **DENIED**; and this case is **DISMISSED**.  All other pending motions are **DENIED** as moot.

**SIGNED** on February 28, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE